# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN LOMAKO,<br><br>    Plaintiff,<br><br>    v.<br><br>CSP CORCORAN, et al.,<br><br>    Defendants._____/ | CASE NO. 1:07-cv-01877-OWW-WMW PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS<br><br>(Doc. 18) |

Plaintiff Justin Lomako ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and was incarcerated at California State Prison in Corcoran, California ("CSP-Corcoran") at the time the events in his complaint took place. Plaintiff does not specify what rights Defendants violated but they appear to arise from the Eighth and Fourteenth Amendments. Plaintiff names L. Cano (correctional counselor II), J. Jones (appeals coordinator), M. Tuneous (chief deputy warden), M. Hodges-Wilkins (appeals examiner), N. Grannis (chief of inmate appeals), D.D. Ortiz (chief deputy warden), B. Silva (office supervisor), and D. Sheppard-Brooks (associate warden) as defendants. For the reasons set forth below, the court recommends that Claims 2-4 of Plaintiff's complaint be dismissed without prejudice and that this action proceed only on Claim 1 (unconstitutional conditions of confinement in violation of the Eighth Amendment) of Plaintiff's complaint.

///

///

## I. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II. Background

### A. Procedural Background

Plaintiff filed the Original Complaint in this action on December 27, 2007. (Doc. #1.) Plaintiff, on his own initiative, filed a First Amended Complaint on May 20, 2008. (Doc. #13.) Plaintiff filed a Second Amended Complaint and Third Amended Complaint, both again on his own initiative, on June 5, 2008 and on November 17, 2008. (Doc. #14, 16.) The court screened Plaintiff's complaints on March 19, 2009. (Doc. #17.) The court dismissed Plaintiff's complaints, noting Plaintiff's failure to comply with the Federal Rules of Civil Procedure by attempting to file unrelated claims against separate parties in a single action (each amended complaint attempted to

add new claims unrelated to the prior claims), as well as Plaintiff's failure to name the proper defendants and failure to state cognizable claims. Plaintiff filed a Fourth Amended Complaint on March 7, 2009. (Doc. #18.) This action proceeds on Plaintiff's Fourth Amended Complaint.

### B. Factual Background

Plaintiff's complaint consists of four claims, none of which appear to be related to one another.

#### 1. Claim One

Plaintiff's first claim involves Defendants L. Cano and J. Jones. Plaintiff alleges that while at CSP-Corcoran, he suffered from heat related injuries in 2006. Plaintiff alleges that it was very hot and he was housed in the top tier. Custody staff refused to move Plaintiff or turn on the fans. Plaintiff was on psychotropic medication and passed out on several occasions. On one occasion, Plaintiff fell due to the heat and hit his head and injured his back and neck. Plaintiff submitted a request for accommodation. Plaintiff alleges that the request was held for three weeks by Defendants Cano and Jones, then it was denied for being untimely.

#### 2. Claim Two

Plaintiff's second claim involves Defendants M. Tunious, M. Hodges-Wilkins, and N. Grannis. Plaintiff was being transported to a medical appointment outside the prison. Correctional staff used a cuff separator which impaired Plaintiff's mobility, which Plaintiff alleges caused injury. How the cuff separators caused Plaintiff injury is unclear. Plaintiff alleges: "Plaintiff has a documented history of neck and back medical problems and also has asthma and was not able to utilize his inhaler, fell unconscious and then fell and injured his back." Thus it is not clear if Plaintiff fell because he could not reach his inhaler (and presumably suffered an asthma attack, though there is no mention of an asthma attack), because he had neck and back problems, because he was tripped up by his cuff separators, or for some combination of all three causes. Plaintiff filed a request for accommodation complaining that the cuff separators had caused him injury. Plaintiff's request was denied by Defendants Tunious, Hodges-Wilkins, and Grannis.

///

///

3

### 3. Claim Three

Plaintiff's third claim involves Defendants D.D. Ortiz, B. Silva, and D. Sheppard-Brooks. Plaintiff was housed in the Secured Housing Unit ("SHU") for a prolonged period of time and had various legal work to perform. Plaintiff alleges CSP-Corcoran had a policy of only allowing prisoners to possess one legal writing tablet whereas inmates in the general population are allowed four. Plaintiff alleges that the policy is not rationally related to any legitimate security interest and his ability to exercise his First Amendment Rights was "curtailed". Plaintiff filed an inmate appeal complaining about the legal tablets. Defendant Ortiz denied Plaintiff's appeal.

### 4. Claim Four

Plaintiff's fourth claim involves Defendant B. Silva. Plaintiff alleges that prison officials at CSP-Corcoran refused to deliver Plaintiff his mail from the U.S. District Court for the Northern District of California. Plaintiff's mail would be sent back to the court and prison officials did not tell Plaintiff about it. Plaintiff's case was closed as a result of the non-delivered mail. Defendant Silva is the supervisor in the mailroom.

## III. Discussion

### A. Failure to Comply With Federal Rules of Civil Procedure

Plaintiff's fourth amended complaint fails to conform to the requirements of the Federal Rules of Civil Procedure. Plaintiff was warned not to bring unrelated claims against separate defendants in a single action. Federal Rule of Civil Procedure 18(a) allows multiple claims against a single party and Federal Rule of Civil Procedure 20(a) allows multiple parties to be joined in a single action where the right to relief arises out of the same "transaction, occurrence, or series of transactions". However, unrelated claims involving separate defendants belong in separate suits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This is not only to avoid confusion, but also to ensure that prisoners pay the required filing fees and to prevent prisoners from circumventing the three strikes rule under the Prison Litigation Reform Act.[1] 28 U.S.C. § 1915(g).

///

---

[1] The Prison Litigation Reform Act allows prisoners to file complaints without prepayment of the filing fee unless they have previously filed three frivolous suits as a prisoner. 28 U.S.C. §1915(a),(g).

Plaintiff's Fourth Amended Complaint presents four separate claims, none of which appear to be factually related to one another. Each claim also involves separate sets of defendants.[2] Plaintiff must litigate each of his claims in separate lawsuits. Plaintiff may not consolidate these unrelated claims into a single action to avoid paying the filing fees for four separate lawsuits. Plaintiff was informed that he is prohibited from bringing unrelated claims in a single action in the court's March 19, 2009 screening order. Plaintiff's Fourth Amended Complaint failed to obey the court's directive. The court finds that the deficiency in Plaintiff's complaint cannot be cured by amendment and the court recommends that Claims 2-4 of Plaintiff's complaint be dismissed, without prejudice. If Plaintiff seeks to pursue those claims, he must do so in separate actions. The court will not address the merits of those claims.

### B. Claim One - Conditions of Confinement

Claim 1 of Plaintiff's Fourth Amended Complaint alleges that the exposure to heat in combination with his psychotropic medication placed him at risk to injury and that Defendants Jones and Cano violated the Eighth Amendment by refusing to provide accommodation for the heat. The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious", Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991), and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind", Id. (quoting Wilson, 501 U.S. at 298). The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities". Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A

---

[2] Defendant Silva, who is involved in both Claim 3 and Claim 4, is the only defendant involved in more than one claim.

prison official acts with deliberate indifference when he/she "knows of and disregards an excessive risk to inmate health or safety". Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31 (1993). Prisoner officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).

Plaintiff alleges that the heat, in combination with the psychotropic medication that he was taking, caused Plaintiff to pass out on several occasions. Plaintiff sustained injuries to his back and neck from falling due to the heat. Plaintiff has sufficiently alleged a "sufficiently serious" risk of injury due to the conditions of his confinement. Plaintiff also alleges that Defendants Jones and Cano were aware of the unsafe conditions of confinement and were deliberately indifferent by holding on to his request for accommodation for several weeks then denying it as untimely. Plaintiff states a cognizable Eighth Amendment claim against Defendants Jones and Cano.

**IV. Conclusion and Recommendation**

Plaintiff's complaint states cognizable claims against Defendants Cano and Jones for conditions of confinement in violation of the Eighth Amendment. However, Plaintiff's other claims (Claims 2-4) are factually unrelated and involve separate defendants. Thus, they must be brought in a separate action. Plaintiff was provided with the opportunity to amend and his Fourth Amended Complaint failed to remedy the deficiencies in his complaint. The court finds that the deficiencies in Plaintiff's Fourth Amended Complaint are not curable by further amendment of his complaint. Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed on Claim 1 of Plaintiff's Fourth Amended Complaint, filed on April 7, 2009, against Defendants Cano and Jones for unconstitutional conditions of confinement; and

///

2. Claims 2-4 of Plaintiff's Fourth Amended Complaint be dismissed, without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fifteen (15) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated: May 7, 2009**              /s/ **William M. Wunderlich**
UNITED STATES MAGISTRATE JUDGE