# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN LOMAKO, | CASE NO. 1:07-cv-01877-OWW-SKO PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS |
| v. | (Docs. 28, 33) |
| CSP CORCORAN, et al., | OBJECTIONS DUE WITHIN 30 DAYS |
| Defendants. | |

Plaintiff Justin Lomako ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On October 6, 2009, Defendants filed a motion to dismiss on the ground that Plaintiff failed to exhaust his administrative remedies prior to filing suit. (Doc. #28.) On November 6, 2009, Defendants filed a declaration noting that Plaintiff failed to file an opposition to their motion to dismiss within the time limits set by the Local Rules. (Doc. #31.) On November 30, 2009, Plaintiff filed a motion requesting that the Court notify Defendants that their motion to dismiss was defectively noticed and requesting that his opposition be regarded as timely filed. (Doc. #33.) Plaintiff filed an opposition and declaration in support of his opposition concurrently with his motion. (Docs. #34, 35.) On December 7, 2009, Defendants filed a reply to Plaintiff's opposition and motion. (Doc. #36.)

**I.   Background**

    **A.   Plaintiff's Complaint**

This action proceeds on Plaintiff's fourth amended complaint, filed on April 7, 2009. (Doc. #18.) Although Plaintiff's fourth amended complaint set forth four separate claims (Claims 1-4),

1

the Court dismissed Claims 2-4 because they were improperly joined. (Order Re: Findings & Recommendations 2:4, June 8, 2009.)

Claim 1 of Plaintiff's fourth amended complaint alleged that Defendants L. Cano and J. Jones violated Plaintiff's rights under the Eighth Amendment. Plaintiff alleged that he was housed in a top tier unit at the California State Prison in Corcoran, California. ("CSP-Corcoran"). Plaintiff claims that he was taking psychotropic medication and the medication, combined with the heat, caused Plaintiff to pass out on several occasions. On one occasion, Plaintiff passed out and fell, causing injuries to his back and neck. Plaintiff complains that he submitted a request for accommodation about the heat on June 26, 2006. The request was denied by Cano and Jones.

**B.    Defendants' Motion to Dismiss**

Defendants argue that they are entitled to a dismissal due to Plaintiff's failure to exhaust his administrative remedies prior to filing suit. (Defs. Cano and Jones' Notice of Mot. and Mot. to Dismiss 1:17-20.) Defendants argue that the Prison Litigation Reform Act of 1995 ("PLRA") requires prisoners to exhaust all administrative remedies prior to filing suit. (Defs. Cano and Jones' Mem. of P. & A. in Supp. of Their Mot. to Dismiss 4:16-20.) Defendants further argue that exhaustion consists of an informal level of review and three formal levels of review. (P. & A. in Supp. of Mot. to Dismiss 2:12-14.) Defendants allege that no inmate appeal was submitted by Plaintiff between June 9, 2006 and August 3, 2006 that was screened out. (P. & A. in Supp. of Mot. to Dismiss 3:11-12.) However, Plaintiff did submit three "requests for accommodation" that were forwarded to the appeals office and screened. (P. & A. in Supp. of Mot. to Dismiss 2:15-3:13.) A request for accommodation was received on September 7, 2006 and granted. (P. & A. in Supp. of Mot. to Dismiss 3:13-14.) A second request for accommodation was received on November 9, 2006 and granted in part. (P. & A. in Supp. of Mot. to Dismiss 3:14-15.) A third request for accommodation was received on December 18, 2006 and granted in part.[1] (P. & A. in Supp. of Mot. to Dismiss 3:15-4:1.) Defendants allege that Plaintiff submitted only one appeal in 2006 that went

///

---

[1] These three requests for accommodation do not appear to be related to the claims in this action. Neither party has identified the subjects of these requests.

to the final third formal level of review, but the appeal concerned Plaintiff's mail. (P. & A. in Supp. of Mot. to Dismiss 4:2-4.)

On November 30, 2009, Defendants filed a declaration noting that Plaintiff failed to oppose Defendants' motion to dismiss. (Decl. of Counsel in Lieu of Reply to Opp'n to Defs. Cano and Jones' Mot. to Dismiss 2:1-2.) Defendants note that Plaintiff's opposition was due October 27, 2009--21 days after the service of Defendants' motion to dismiss. (Decl. of Counsel in Lieu of Reply 1:26-27.)

### C.    Plaintiff's Opposition

On November 30, 2009, Plaintiff filed his opposition along with a motion requesting that the Court treat Plaintiff's opposition as timely filed. Plaintiff argues that "Defendants misapplied the local rules of this court making it impossible to determine a due date for the opposition." (Pl.'s Requests to: (1) Have the Clerk of This Court Notify Defs. of Defectively Noticed Mot., (2) Have His Concurrently Submitted Opp'n to Defs.' Mot. to Dismiss Deemed Timely Filed; and Decl. in Supp. Thereof 1:20-24.)

Plaintiff claims that he did not know when his opposition was due because he believed that the time limits set forth in Local Rule 78-230(m)[2] no longer applied to this case because Plaintiff was released from custody on August 23, 2009. (Pl.'s Requests 1:25-2:3.) Local Rule 230(l) sets forth rules regarding motion practice and deadlines in cases where one party is incarcerated. Plaintiff claims that Local Rule 78-230(b) (now numbered as Local Rule 230(b)) applies in this case and that his opposition is due no later than 14 days prior to the noticed hearing date for Defendants' motion. (Pl.'s Requests 2:7-10.) Plaintiff argues that Defendants did not properly notice their motion on the motion calendar and that Plaintiff's opposition should be regarded as timely. (Pl.'s Requests 2:10-15.)

In his opposition, Plaintiff argues that he exhausted his administrative remedies. (Pl.'s Opp'n to Defendant's[sic] Mot. to Dismiss 1:17-18.) Plaintiff claims that he filed a "request for accommodation" to be reassigned to a location that was not extremely hot. (Opp'n 2:2-6.)

---

[2] The Local Rules were amended on December 1, 2009 resulting in Local Rule 78-230(m) being renumbered as Local Rule 230(l). The Court will refer to the rule using the current number, 230(l).

3

1  Plaintiff's request was assigned a log number of "CSPC-6-06-02526." (Opp'n 2:6.) The request was
2  filed on June 30, 2006 and a response was due on August 14, 2006. (Opp'n 16-17.) Plaintiff claims
3  that Defendants' own records indicated that the request was recorded as "completed" and "the
4  Disposition was listed as withdrawn." (Opp'n 2:20-21.) Plaintiff claims that he never withdrew his
5  request. (Opp'n 2:21-22.)

6  Plaintiff contends that on August 31, 2006, Defendant Jones sent Plaintiff a letter referencing
7  CSPC-6-06-02526 telling Plaintiff to complete "section 'F' of the 602 form." (Opp'n 3:2-4.) The
8  letter stated that Plaintiff "[has] 15 days from the 8-3-06 to submit [sic]." (Opp'n 3:4-5.) Thus, the
9  letter was delivered after Plaintiff's response was due. Plaintiff nonetheless completed the form and
10 sent it back. (Opp'n 3:10-11.) On September 7, 2006, Plaintiff received a letter from Defendant
11 Cano informing Plaintiff that he failed to meet the time constraints for filing his form. (Opp'n 3:13-
12 16.) Plaintiff claims that there was nothing further that Plaintiff could have done to obtain
13 administrative relief. (Opp'n 3:17-18.)

14 **D.    Defendants' Reply**

15 Defendants argue in reply that Plaintiff did not exhaust his administrative remedies and that
16 their motion was not improperly noticed because Local Rule 230(l) applies in this case until the
17 Court explicitly orders otherwise. Defendants argue that CSPC-6-06-02526 did not exhaust
18 Plaintiff's administrative remedies because the request was withdrawn at the first formal level of
19 review on August 9, 2006 and, therefore, Plaintiff did not complete the appeal process. (Defs. Cano
20 and Jones' Reply to the Pl.'s Opp'n to Their Mot. to Dismiss 2:7-11.) Defendants also argue that
21 CSPC-6-06-02526 cannot be said to have exhausted Plaintiff's administrative remedies because the
22 request concerned Plaintiff's request to be housed in a lower tier. (Reply 2:15-16.) In contrast,
23 Plaintiff's claim in this action is based on Cano and Jones' failure to process Plaintiff's inmate
24 request. (Reply 2:17-21.) Thus, Defendants argue that in order to exhaust, Plaintiff must have filed
25 a separate administrative appeal that complained about Cano and Jones' failure to process CSPC-6-
26 06-02526.

27 Defendants also argue that their motion was properly noticed because Local Rule 230(l)
28 continues to apply to this case. (Reply 3:5-18.) Defendants note that the Court ordered that Local

Rule 230(l) shall apply in this case unless otherwise ordered. (Reply 3:14-16.) The Court notes that it has not issued an order stating that Local Rule 230(l) no longer applies.

## II. Discussion

### A. Applicability of Local Rule 230(l)

Plaintiff asserts that Local Rule 230(l) no longer applies in this action because Plaintiff is no longer incarcerated. For the purpose of clarity, the Court will reiterate that Local Rule 230(l) will continue to apply in this case until the Court explicitly orders otherwise. Therefore, Plaintiff's opposition was untimely. However, given Plaintiff's pro se status and the reasonableness of the mistake, the Court will not issue sanctions and will treat Plaintiff's opposition as timely filed. The Court will recommend that Plaintiff's motion requesting that the Court treat his opposition as timely be granted.

### B. Failure to Exhaust

Defendants argue that they are entitled to a dismissal of this action because Plaintiff failed to exhaust his administrative remedies prior to filing suit. "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002). The PLRA exhaustion requirement requires proper exhaustion. Woodford v. Ngo, 548 U.S. 81, 93 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules. . . ." Id. at 90-91. The proper exhaustion requirement serves two important purposes: 1) it gives an agency the opportunity to correct its own mistakes before it is brought into federal court and it discourages disregard of the agency's procedures; and 2) it promotes efficiency because claims can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court. Id. at 89.

Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741

(2001). Thus, prisoners cannot evade the exhaustion requirement by limiting their request for relief to forms of relief that are not offered through administrative grievance mechanisms. Id. (prisoners cannot skip administrative process by simply limiting prayers for relief to money damages not offered through administrative grievance mechanisms). Thus, prisoners may not cease pursuing administrative appeals simply because the appeal process does not offer the form of relief that they seek. "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (citing Booth v. Churner, 532 U.S. 731, 739 n.5 (2001)). However, "a prisoner need not press on to exhaust further levels of review once he has either received all 'available' remedies at an intermediate level of review or been reliably informed by an administrator that no remedies are available." Brown v. Valoff, 422 F.3d 926 (9th Cir. 2005).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense which Defendants have the burden of raising and proving. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Id. at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1119-20. If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

The Ninth Circuit has held that a prisoner's failure to timely exhaust his administrative remedies is excused when a prisoner takes reasonable and appropriate steps to exhaust his administrative remedies but was precluded from exhausting not through fault of his own, but by a prison official's mistake. Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010) (exhaustion excused when prisoner was mistakenly told that he needed to read a Program Statement to pursue his grievance but the Program Statement cited was unavailable to him). Other circuits have held that the exhaustion requirement is satisfied when prison officials prevent exhaustion from occurring through misconduct, or fail to respond to a grievance within the policy time limits. See, e.g. Moore

v. Bennette, 517 F.3d 717, 725 (4th Cir.2008) ("[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it."); Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir.2007) (Courts are "obligated to ensure any defects in exhaustion were not procured from the action of inaction of prison officials."); Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir.2006) (administrative remedy not available if prison employees do not respond to a properly filed grievance or use affirmative misconduct to prevent a prisoner from exhausting); Boyd v. Corrections Corp. of America, 380 F.3d 989, 996 (6th Cir.2004) ("administrative remedies are exhausted when prison officials fail to timely respond to properly filed grievance"); Abney v. McGinnis, 380 F.3d 663, 667 (2d Cir. 2004) (inability to utilize inmate appeals process due to prison officials' conduct or the failure of prison officials to timely advance appeal may justify failure to exhaust); Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir.2002) (the failure to respond to a grievance within the policy time limits renders remedy unavailable); Lewis v. Washington, 300 F.3d 829, 833 (7th Cir.2002) (when prison officials fail to respond, the remedy becomes unavailable, and exhaustion occurs); Foulk v. Charrier, 262 F.3d 687, 698 (8th Cir.2001) (district court did not err when it declined to dismiss claim for failure to exhaust where prison failed to respond to grievance); Powe v. Ennis, 177 F.3d 393, 394 (5th Cir.1999) (when a valid grievance has been filed and the state's time for responding has expired, the remedies are deemed exhausted); see also Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir.2003) (recognizing that a remedy prison officials prevent a prisoner from utilizing is not an available remedy); Brown v. Croak, 312 F.3d 109, 113 (3d Cir.2002) (formal grievance procedure not available where prison officials told prisoner to wait for termination of investigation before filing formal grievance and then never informed prisoner of termination of investigation); Miller v. Norris, 247 F.3d 736, 740 (8th Cir.2001) (a remedy prison officials prevent a prisoner from utilizing is not an available remedy).

In determining whether Plaintiff has properly exhausted his administrative remedies, the Court must resolve two separate questions: (1) whether the "request for accommodation," number CSPC-6-06-02526, was related to the claims raised in this action, and (2) whether request number CSPC-6-06-02526 exhausted Plaintiff's administrative remedies despite the fact that Plaintiff did not appeal that request to the third level.

**1. CSPC-6-06-02526 Is Related To The Claims Raised In This Action**

Defendants argue that the resolution of request number CSPC-6-06-02526 is not relevant for the purpose of determining whether Plaintiff exhausted his administrative remedies for the claims pursued in this action. Defendants contend that Plaintiff's claims are based on Cano and Jones' actions in denying Plaintiff's request for accommodation. Defendants argue that in order to exhaust his administrative remedies, Plaintiff must appeal Cano and Jones' denial of his request.

Plaintiff claims that he filed an accommodation request on June 26, 2006 that complained about the heat on the top tier unit where Plaintiff was housed. Plaintiff alleges that the request was "screened out" by Jones and Cano because it was untimely. (Fourth Am. Compl. 4.) Plaintiff alleged that the appeal was "withheld" by Jones and Cano for three weeks and sent back to Plaintiff as untimely. (Fourth Am. Compl. 4.) Plaintiff's Eighth Amendment claim is based on the fact that the heat on the top tier unit posed an excessive risk to Plaintiff's health and safety and that Jones and Cano were aware of that risk through the request that Plaintiff filed on June 26, 2006. Thus, Plaintiff alleges that Jones and Cano violated Plaintiff's Eighth Amendment rights by denying Plaintiff's June 26, 2006 request.

Plaintiff's opposition to Defendants' motion to dismiss reveals that the request that Plaintiff referred to in his complaint is request number CSPC-6-06-02526--the same request that allegedly exhausted Plaintiff's administrative remedies. Defendants argue that Plaintiff must file a separate administrative appeal that appeals Jones and Cano's denial of CSPC-6-06-02526 in order to exhaust the administrative remedies for any claim premised on the denial of his request. In other words, Defendants argue that the processing of CSPC-6-06-02526 cannot serve as both the event giving rise to Plaintiff's claims as well as the event that exhausted Plaintiff's administrative remedies for his claims.

**a. Prison Appeal Requirements**

Generally, "it is the prison's requirements, not the PLRA" that defines "[t]he level of detail necessary in a grievance to comply with the grievance procedures." Jones v. Bock, 549 U.S. 199, 218 (2007). The PLRA requires "proper exhaustion," which entails "compliance with an agency's deadlines and other critical procedural rules." Woodford v. Ngo, 548 U.S. 81, 90-91 (2006). Thus,

the Court must determine whether the prison's administrative remedy system contains "critical procedural rules" that govern the level of detail required in the grievances filed by prisoners. The Court must also determine whether Plaintiff's request for accommodation conforms to those "critical procedural rules."

Defendants have not provided much insight as to the existence of any "critical procedure rules" that govern the level of detail required in Plaintiff's grievances. Defendants note that Cal. Code Regs. tit. 15, § 3084.1(a) provides that "[a]ny inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Plaintiff filed a request for accommodation[3] asking for a transfer to a lower tier unit because of the heat. Plaintiff's request appears to satisfy the requirements of Section 3084.1(a) because it appealed a "condition" that had "an adverse effect upon [Plaintiff's] welfare. The extremely hot conditions that allegedly posed a substantial risk to Plaintiff's health and safety are a substantial element of Plaintiff's Eighth Amendment claims against Defendants Jones and Cano. The regulations identified by Defendants only state that Plaintiff must appeal "conditions" that have an adverse effect on his welfare. Plaintiff has filed an appeal concerning the adverse "conditions." Significantly, Defendants have not identified any regulations that require Plaintiff's appeal to specifically identify a prison official's role in creating or ignoring the adverse "conditions." The Court finds that Plaintiff's request for accommodation satisfies the requirements set forth in Section 3084.1(a).

### b.     PLRA Appeal Requirements

"[W]hen a prison's grievance procedures are silent or incomplete as to factual specificity, 'a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought.'" Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009) (quoting Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002)). In Jones, the Supreme Court rejected the argument that the PLRA requires prisoners to "name all defendants" in their administrative grievances. Jones, 549 U.S. at 217-19.

---

[3] Defendants have not argued that Plaintiff's "request for accommodation" did not constitute an "appeal" for the purposes of exhaustion. Defendants have conceded that Plaintiff's "request for accommodation" was processed as an administrative appeal. (Reply 2:4-11.)

9

The Supreme Court stated that the rule "may promote early notice to those who might later be sued, but that has not been though to be one of the leading purposes of the exhaustion requirement." Id. at 219. In Griffin, the Ninth Circuit held that "[a] grievance need not include legal terminology or legal theories unless they are in some way needed to provide notice of the harm being grieved." Griffin, 557 F.3d at 1120. "The primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation." Id. The Ninth Circuit found that a prisoner's "failure to grieve deliberate indifference does not invalidate his exhaustion attempt" with respect to claims raised under the Eighth Amendment.[4]

The Court finds that Plaintiff's request for accommodation is sufficient under the PLRA's standards. Plaintiff's request put prison officials on notice of the harm caused by being housed in the top tier unit where the temperatures were very hot. Plaintiff's failure to describe Jones and Cano's failure to remedy the situation by denying or ignoring Plaintiff's request for accommodation is not fatal to Plaintiff's claim to exhaustion. Plaintiff's failure to specifically identify Jones and Cano by name is not fatal to his claim to exhaustion. See Jones, 549 U.S. at 217-19. Plaintiff's failure to put prison officials on notice of Jones and Cano's deliberate indifference is also not fatal to his claim to exhaustion. See Griffin, 557 F.3d at 1120. Although Jones and Cano's deliberate indifference is a necessary element of Plaintiff's legal claims, it is not a necessary element of Plaintiff's administrative appeal. Plaintiff need only notify prison officials about the problem and facilitate its resolution, which Plaintiff has done.

The Court finds that CSPC-6-06-02526 is sufficiently related to the claims being raised in this action to satisfy the PLRA's exhaustion requirement. Plaintiff's claims concern the conditions of Plaintiff's confinement. Plaintiff contends that the heat was so extreme that it threatened his health and safety. Plaintiff's request for accommodation put prison officials on notice of the problem and was sufficient to facilitate its resolution.

///

---

[4] An Eighth Amendment claim has two elements: (1) an objective element that the prisoner suffer a "sufficiently serious" deprivation, and (2) a subjective element that the defendant act with "deliberate indifference." Farmer v. Brennan, 511 U.S. 825, 834 (1994).

1  **2.   Plaintiff Exhausted All Available Administrative Remedies**

2  Defendants argue that even if CSPC-6-06-02526 is related to the claims being raised in this
3  action, Plaintiff's request was not exhausted because it was withdrawn at the first formal level of
4  review on August 9, 2006. Defendants contend that it must proceed through the third formal level
5  of review to be fully exhausted. Plaintiff argues that Defendants erroneously recorded the request
6  as withdrawn because Plaintiff never withdrew his request. Plaintiff also contends that he received
7  a letter on August 31, 2006 related to his request telling Plaintiff to resubmit a 602 form. The letter
8  stated that the form was due on a date that had already passed by the time Plaintiff received the letter.
9  Plaintiff promptly resubmitted the form, but it was rejected as untimely.

10  In Plaintiff's declaration in support of his opposition, Plaintiff attaches his request for
11  accommodation as an exhibit. (Decl. of Pl. Justin Lomako in Supp. of Opp'n to Defs.' Mot. to
12  Dismiss Ex. A.) The request bears the log number "06-2526" and is dated June 26, 2006. (Decl. of
13  Pl. Ex. A at 1.) Plaintiff has also attached a copy of the letter he received on August 31, 2006.
14  (Decl. of Pl. Ex. B.) The letter states that it is in reference to "Log Number: CSPC-6-06-02526" and
15  is signed by "J. Jones." (Decl. of Pl. Ex. B at 1.) The letter further states that Plaintiff's appeal was
16  being returned because Plaintiff "need[ed] to complete the next appropriate section." The letter is
17  dated August 31, 2006, but states that Plaintiff had to submit a response within "15 days from the
18  8/3/06[sic]."

19  Plaintiff's evidence persuasively contradicts the declaration and documentation provided by
20  Defendants. Defendants rely on a declaration from Jennifer Jones, an appeals coordinator, in support
21  of their motion to dismiss. A printout of the Plaintiff's appeals record is attached to Ms. Jones'
22  declaration. (Decl. of Jennifer Jones Ex. A.) The printout contains a reference to CSPC-6-06-02526,
23  indicating that it was received on June 30, 2006 and completed on August 9, 2006. (Decl. of
24  Jennifer Jones Ex. A at 1.) The printout also states under "Disposition" that Plaintiff's request for
25  accommodation was "WITHDRAWN." (Decl. of Jennifer Jones Ex. A at 1.)

26  Defendants provide no explanation for the apparent discrepancy presented by the fact that
27  their printout indicates that CSPC-6-06-02526 was withdrawn on August 9, 2006, yet Jones sent
28  Plaintiff a letter on August 31, 2006 informing Plaintiff that Plaintiff's appeal was not "adequately

completed" and that Plaintiff had to resubmit it. (Decl. of Pl. Ex. B at 1.) The letter does not conform with Defendants' contention that Plaintiff's appeal was withdrawn and completed on August 9, 2006. Plaintiff's declaration and evidence are fully consistent with the allegations Plaintiff made in his complaint.

Based on the inconsistencies in Defendants' evidence, the Court finds that prison officials did not respond to Plaintiff's request for accommodation. The Court further finds that the failure to respond to Plaintiff's request constitutes affirmative conduct by prison officials in obstructing Plaintiff's ability to exhaust his administrative remedies. Because prison officials effectively prevented Plaintiff from pursuing his administrative remedies, there were no remedies "available" to Plaintiff and Plaintiff has satisfied the PLRA's exhaustion requirement. Plaintiff took reasonable and appropriate steps to exhaust his administrative remedies but was precluded from exhausting through no fault of his own, but because prison officials failed to respond to his request. The Court finds that Plaintiff's failure to appeal to the third level of review is excused.

### III. Conclusion and Recommendation

The Court finds that Plaintiff exhausted all available remedies related to the claims raised in this action. Plaintiff's request for accommodation, CSPC-6-06-02526, addressed the conditions being challenged in his Eighth Amendment claims. Administrative remedies were not "available" to Plaintiff because prison officials failed to respond to Plaintiff's request. Therefore, Plaintiff exhausted all "available" administrative remedies as required by the PLRA.

Accordingly, it is HEREBY RECOMMENDED that:

1. Plaintiff's motion requesting the Court to treat his opposition as timely filed be GRANTED; and

2. Defendants' motion to dismiss, filed on October 6, 2009, be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    July 6, 2010**                                /s/ Sheila K. Oberto
                                                                                  UNITED STATES MAGISTRATE JUDGE