UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN LOMAKO,<br><br>             Plaintiff,<br><br>   v.<br><br>CSP CORCORAN, et al.,<br><br>             Defendants.<br>_____/ | CASE NO.   1:07-cv-01877-AWI-GBC (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(ECF No. 44)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

**FINDINGS AND RECOMMENDATION**

**I.    PROCEDURAL HISTORY**

Plaintiff Justin Lomako ("Plaintiff") is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on December 27, 2007 and it proceeds on Plaintiff's Fourth Amended Complaint, filed April 7, 2009 against Defendants Cano and Jones for deliberate indifference in violation of the Eighth Amendment. (ECF Nos. 1, 18, 19, & 20.) Pending before the Court now is Defendants' Motion for Summary Judgment filed July 25, 2011. (ECF No. 44.) Plaintiff did not file an opposition.

1

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Under summary judgment practice, the moving party

> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Rule 56(e); Matsushita, 475 U.S. at 586 n. 11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the Court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Rule 56(c). The evidence of the opposing party is to be taken as true, Anderson, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the Court must be drawn in favor of the opposing party, Matsushita, 475 U.S. at 587

(citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam)). Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).

Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

### III.     SUMMARY OF COMPLAINT

In 2006, Plaintiff was housed in a top tier where it was very hot. (ECF No. 18, p. 3.) Prison staff refused to move Plaintiff or turn on the fans. (Id.) Plaintiff was on psychotropic medication and passed out on several occasions. (Id.) On one of those occasions, Plaintiff fell and injured his head, back, and neck. (Id.) Plaintiff then submitted a request for accommodation. (Id.) Plaintiff alleges that his request was held for two weeks by Defendants Cano and Jones, and then it was screened out as being untimely. (Id.)

### IV.     ARGUMENTS

In their Motion, Defendants argue that Plaintiff failed to support his Eighth Amendment cruel and unusual punishment argument and, in the alternative, Defendants have qualified immunity.

As to the Eighth amendment violation, Defendants first contend that Plaintiff failed to timely respond to a request for admission, which should result in automatic admission

4

of the matters requested. Defendants state that Plaintiff did not timely respond to their requests for admissions and thus, admitted that Defendants did not violate his constitutional rights, that he did not suffer any injury, that he did not have evidence to support his claims that Defendants held his appeal for two weeks or that his appeal was returned to him after the time deadline had passed.

Defendants next contend that Plaintiff failed to demonstrate that he suffered a sufficiently serious deprivation or any excessive risk to his health. Defendants state that Plaintiff's accommodation request stated that Plaintiff was housed on an upper tier where it was really hot which caused him to have trouble breathing. Plaintiff requested that he be moved when a different cell became available. Defendants argue that this does not indicate that Plaintiff was facing an excessive risk to his health. Defendants also contend that Plaintiff was moved days later and told the nurse practitioner that the issue had been resolved, which also demonstrates that Plaintiff did not face any sufficiently serious deprivation.

Defendants next contend that Plaintiff failed to demonstrate that Defendants acted with sufficiently culpable state of mind. Defendants state that there is no evidence that they were aware of and disregarded an excessive risk to Plaintiff's health or safety. Instead, Defendants contend that the evidence shows that Defendants properly responded to Plaintiff's accommodation request. Pursuant to standard procedures, Defendants referred Plaintiff's accommodation request to the medical department because it raised medical issues. This ensured that Plaintiff's alleged needs were investigated by an individual who had the ability to resolve them if necessary.

In the alternative, Defendants argue that they are entitled to qualified immunity.

5

## V. EIGHTH AMENDMENT CLAIM

### A. Legal Standard

"[W]hile conditions of confinement may be, and often are, restrictive and harsh, they 'must not involve the wanton and unnecessary infliction of pain.'" Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The Eighth Amendment, which protects prisoners from inhumane conditions of confinement, Farmer v. Brennan, 511 U.S. 825, 833 (1994), is violated when prison officials act with deliberate indifference to a substantial risk of harm to an inmate's health or safety, e.g., Farmer, 511 U.S. at 828; Thomas v. Ponder, 611 F.3d 1144, 1151–52 (9th Cir. 2010); Richardson v. Runnels, 594 F.3d 666, 672 (9th Cir. 2010).

Two requirements must be met to show an Eighth Amendment violation. Farmer, 511 U.S. at 834. First, the deprivation must be, objectively, sufficiently serious. Id. (quotation marks and citation omitted). The objective component is contextual and responsive to contemporary standards of decency. Hudson v. McMillian, 503 U.S. 1, 8 (1992) (quotations marks and citation omitted). Extreme deprivations are required to make out an Eighth Amendment conditions-of-confinement claim. Hudson, 503 U.S. at 9 (quotation marks and citation omitted). Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Id. (quotation marks and citations omitted).

Second, prison officials must have a sufficiently culpable state of mind, which for conditions-of-confinement claims is one of deliberate indifference. Farmer, 511 U.S. at

834 (quotation marks omitted). Prison officials act with deliberate indifference when they know of and disregard an excessive risk to inmate health or safety. Farmer, 511 U.S. at 837 (quotation marks omitted). Thus, prison officials may be held liable under the Eighth Amendment for denying humane conditions of confinement only if they know that inmates face a substantial risk of harm and they disregard that risk by failing to take reasonable measures to abate it. Id. at 847 (quotation marks omitted).

**B.     Analysis**

It is undisputed that Plaintiff submitted an accommodation request which was withdrawn and then eventually screened out as being untimely. (ECF No. 44-4, pp. 7, 12, & 15.) However, Defendants have demonstrated they were not deliberately indifferent to a serious risk to Plaintiff's health or safety.

Defendants have demonstrated that referring Plaintiff's accommodation request to the medical department was proper. (ECF No. 44-4, p. 2.) Plaintiff's request stated that he was having trouble breathing, had passed out, fallen and injured himself. (ECF No. 44-4, p. 13.) This was deemed a medical issue so the appeal was referred to the medical department for investigation pursuant to prison regulations. (ECF No. 44-4, p. 7.) During an interview by a nurse practitioner, Plaintiff stated that he had been moved to a different cell resolving his issue, so he withdrew his appeal, which was returned to him on August 9, 2006. (ECF No. 44-4, p. 12; Jones & Cano Decls., p. 3.) Plaintiff's withdrawal was noted on the grievance form and signed by both he and the nurse. (Id.)

Plaintiff, apparently, became dissatisfied and submitted his appeal on August 31, 2006 for a second level review. (ECF No. 44-4, p. 4.) Defendant Jones could have screened out the appeal as untimely. Instead, he screened it out because Plaintiff failed

7

to complete the section explaining why he was seeking review. (Jones Decl. p. 4.) The appeal was then returned to Plaintiff with instructions to complete the appropriate section. (Id.) Plaintiff was also informed that he had fifteen days to resubmit the form. (Id.) Plaintiff resubmitted his appeal on September 7, 2006. On that date, Defendant Cano screened out the appeal as untimely. (Cano Decl. p. 4.)

The Court assumes, without deciding, that the deprivation suffered by Plaintiff was sufficiently serious. However, the Court finds that at no time were Defendants Jones and Cano deliberately indifferent to Plaintiff's accommodation request/appeal. Each responded properly according to prison regulations. The Court also notes that both Defendants would have been aware that the grievance had been withdrawn at the first level as this is clearly stated on the appeal and signed by both Plaintiff and the nurse. They would have been aware that it was withdrawn because Plaintiff had been moved to a different cell. They would have been aware that, according to Plaintiff's statement on the grievance form, the issues had been resolved. Thus, Defendants could properly conclude that any risk to Plaintiff's safety or health was no longer sufficiently serious and did not warrant an immediate response.

Plaintiff has submitted nothing which would indicate that he was still in some kind of danger even though he had been moved to a different cell. Furthermore, Plaintiff has submitted nothing to indicate that Defendants Jones or Cano would have been aware that the alleged risk remained regardless of the transfer.

Accordingly, the Court finds that Defendants have demonstrated that they lacked the requisite culpable mental state. As Plaintiff did not file an opposition, the Court also finds that there exists no genuine issue as to any material fact.

## VI. Qualified Immunity

Defendants' Motion for Summary Judgment claims that even if Plaintiff met the burden of demonstrating a prima facie case, each Defendant is still entitled to qualified immunity. Qualified immunity protects a defendant unless: (1) the defendant's action violated a federal constitutional right; and (2) the right was clearly established at the time of the conduct at issue. See LSO, Ltd. v. Stroh, 205 F.3d 1146, 1157 (9th Cir. 2000).

As discussed above, this Court does not find that either Defendant violated a federal constitutional right. Although the rights Plaintiff claims were violated are clearly established, he presents no evidence that they were actually violated. See Farmer, 511 U .S. at 833 (reasonably safe conditions of confinement); Lewis, 518 U.S. at 350 (access to the Courts); Estelle, 429 U.S. at 104–5 (proper medical care). Accordingly, the Court need not address Defendants' qualified immunity defense. See Pearson v. Callahan, 555 U.S. 223, 236 (2009).

## VII. CONCLUSION AND RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Defendants' Motion for Summary Judgment, filed July 25, 2011, be GRANTED. As these are the only claims proceeding in this action, the Court further RECOMMENDS that JUDGMENT be entered in favor of Defendant Jones and Defendant Cano and the CASE be DISMISSED.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendation, the parties may file written objections with the court. The document should be captioned

"Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   October 6, 2011

UNITED STATES MAGISTRATE JUDGE